```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       BLUEFIELD
```

UNITED STATES OF AMERICA

v.                               CRIMINAL NO. 1:14-00274

LEONARD CAREY RUCKER

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant's counsel, Rhett H. Johnson, to withdraw as counsel. (Doc. No. 17). Mr. Johnson contends that a conflict of interest exists between defendant and another individual represented by the Office of the Federal Public Defender.

The Sixth Amendment provides in relevant part: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. According to the Fourth Circuit:

> The Supreme Court has held that the Sixth Amendment guarantees to all criminal defendants the right to effective assistance of counsel. A necessary corollary to the right to effective assistance of counsel is the "right to representation that is free from conflicts of interest."

Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000) (internal citations and quotations omitted). "Conflicts of interest arise whenever an attorney's loyalties are divided, and an attorney who cross-examines former clients inherently encounters divided loyalties." United States v. Moscony, 927 F.2d 742, 750 (3d Cir. 1991); see also United States v. Stewart, 185 F.3d 112, 121 (3d.

Cir. 1999) (same).

> [W]hen a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of a defendant. Such representation not only constitutes a breach of professional ethics and invites disrespect for the integrity of the court, but it is also detrimental to the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant's comprehension of the waiver.

<u>Wheat v. United States</u>, 486 U.S. 153, 162 (1988) (quoting <u>United States v. Dolan</u>, 570 F.2d 1177, 1184 (3d. Cir. 1978)).

Based on the foregoing and because Mr. Johnson has an actual conflict of interest, the court GRANTS his motion to withdraw and directs the CJA Supervising Attorney to appoint new counsel for defendant.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, to the Probation Office of this court, to the Office of the Federal Public Defender, and to the CJA Supervising Attorney.

**IT IS SO ORDERED** this 13th day of January, 2015.

ENTER:

David A. Faber
Senior United States District Judge

2